Slidell, J.,
dissenting. In the consideration of the constitutional question-presented in this cause, two propositions may, I think, be safely assumed, namely: that no legislative act of a State' should be pronounced unconstitutional, unless that unconstitutionality be clear and' beyond all reasonable doubt; and' that where portions of a law conflict with the' constitution', but a part is valid, the latter will be sustained if it can be separated from that which is unconstitutional.
I may concede, therefore, for the purpose of the present enquiiy, that the first section of the act in question (or a portion of it) is- unconstitutional, be *97 cause its provisions are not comprehended by any reasonable intendment of the ... . , , „ , title, which enunciates the object ot the act.
Striking this section, which is susceptible of separation, out of the act, and leaving only the second and third sections,- let us enquire whether it is clear and beyond reasonable doubt that they are not comprehended within the object expressed in the title. These two- sections provide that the District Courts of New Orleans shall have jurisdiction of causes arising under the act of 3d March, 181-9, respecting landlords and tenants- in cases over $100; 2d. That the proceedings shall be summary; 3d. That the courts shall be always open for their hearing; 4th. That there shall be no suspensive appeal from their decrees except upon affidavit of merits.
Now, the object of the actas expressed in the title, was “ to give jurisdiction to thé District Courts of New Orleans, over causes arising under the act of third March, 1819, respecting landlords and tenants’.” What is the meaning of the expression, “ to give jurisdiction ?” Is it beyond all reasonable doubt insufficient to embrace the provisions we have stated ?
In the case of The United States v. Aredondo, 6 Peters; 691, we are told that jurisdiction is “ the power to hear and determine a cause.” Let us then substitute these expressions in the title of the’ act, and it will read, An act to give the District Courts of New Orleans “ power to hear and determine causes arising under the act of 3d March, 1819, respecting landlords' and tenants.” Now, to confer a power to hear summarily, is to confer a power to hear; to confer a power to determine summarily, is to confer a power to determine. The only difference, therefore, in this respect between the title of the act and the body of it is, that the one announces an intention to confer a power, and the other in granting the power specifies the particular nature of the power so conferred. It seems to me, that thus far there is nothing unconstitutional, unless we interpret the intention of the framers of the Constitution to have been, that the title of an act should be an index, not merely of the subject, but of the details of that subject.
But again, let us take another definition of the term jurisdiction from a respectable author, and apply it in a liberal sense to another provision of this Statute, namely, that which regulates the subject of the execution and appeal. Mr. Bouvier defines jurisdiction as follows : “A power constitutionally conferred upon a judge or magistrate to take cognizance of and decide causes according to law, and to carry his sentence into execution.” Here, the power to carry into execution is properly associated with the power to hear and decide ; and this power is considered- as embraced within a grant of jurisdiction, as without it the grant would be inoperative and futile. Applying this definition, as we did that of Mr. Justice Baldwin, by substituting its terms for the word jurisdiction in the title of this act, and we arrive at a similar conclusion, to wit, that the title of the act announces the intention of the law-giver to confer on the District Courts of New Orleans power to take cognizance of causes between landlord and tenant, 'to decide them, and to cany their decisions into execution; that the provisions of the law specify the particular nature of the powers so conferred, and in doing so, fall constitutionally within the reasonable scope and intendment of the title.
I entertain the same view with regard to the provisions, that the courts should be always open for the hearing of such causes. It was gerinain to the object of the act (which was to grant power to hear and decide certain causes, *98 and execute such decisions,) to say that those courts should not only hear such causes, but be at all times ready to hear them.
While I esteem it to be my inevitable duty to give force and effect to the article of the Constitution, it is also my duty to search out, as far as I can, its fair and reasonable intendment; to construe the action of the Legislature under it in a liberal sense, and not to frustrate that action, unless its repugnance to the Constitution be brought home to my mind beyond a reasonable doubt. While the salutary intention of the Constitution should be fairly and substantially carried out, it seems to me it should not be interpreted by the judiciary with a rigor so strict that it might defeat the power to legislate, which was granted by the same instrument to the proper department of the Government.
I therefore do not concur in the decree rendered in this case.